UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOYCE SMITH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-01636-CEJ |
| | ) |
| MEDTRONIC, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion to remand this case to the Twenty-Second Judicial Circuit Court of St. Louis, Missouri for lack of subject matter jurisdiction. The defendants have responded, and the issues are fully briefed.

I.   Background.

Plaintiffs in this case are ninety-nine individuals seeking to recover damages for injuries allegedly caused by the InFUSE™ Bone Graft and LT-CAGE™ Lumbar Tapered Fusion Device (hereinafter, "Infuse") manufactured and distributed by the defendants. Plaintiffs assert claims of negligence, strict liability, fraud, breach of warranty, and violation of state consumer protection and merchandising practices statutes.

Defendants removed the action pursuant to 28 U.S.C. § 1453, which governs removal of class actions. Defendants assert that jurisdiction is premised on the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), in that this case is a "mass action" as defined in 28 U.S.C. § 1332(d)(11)(B). Two similar lawsuits involving the Infuse device have also been removed to this Court. In *Anders, et al. v.*

1

*Medtronic, Inc., et al.*, No. 4:14-CV-1637 (ERW), there are ninety-nine plaintiffs and in *Hendrich, et al. v. Medtronic, Inc., et al.*, No. 4:14-CV-1635 (AGF), there are ninety-three plaintiffs. The *Anders* and *Hendrich* cases also originated in the Twenty-Second Judicial Circuit Court. Prior to their removal, all three cases were consolidated by the state court for pretrial proceedings. Defendants assert that plaintiffs have either explicitly or implicitly proposed that the three cases be joined for trial, thus bringing the number of plaintiffs above the threshold required for the mass action designation and, hence, federal jurisdiction.

**II. Legal Standard.**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). "The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Products Liability Litigation*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

**III. Discussion.**

*A. Explicit or implicit proposal for joint trial*

Under CAFA, the federal district courts have original jurisdiction over certain class actions, including "mass actions." 28 U.S.C. § 1332(d). The term "mass action" is defined as a civil action "in which monetary relief claims of 100 or more

persons are proposed to be *tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact . . . ." § 1332(d)(11)(B) (emphasis added). However, a CAFA mass action is not a case where "the claims are joined upon motion of a defendant," or where "the claims have been consolidated or coordinated *solely for pretrial proceedings.*" § 1332(d)(11)(B)(ii)(II, IV) (emphasis added).

Even where "plaintiffs concede that their respective individual claims 'involve common questions of law or fact,' 28 U.S.C. § 1332(d)(11)(B)(i), state court plaintiffs with common claims against a common defendant may bring separate actions, each with fewer than 100 plaintiffs, to avoid federal jurisdiction under CAFA—unless their claims are 'proposed to be tried jointly.'" *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1162–63 (8th Cir. 2013) (collecting cases). The proposal for a joint trial may be explicit or implicit. *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011). The determination of whether claims in a putative mass action have been proposed to be tried jointly is necessarily a fact intensive inquiry that requires examination of both the "initial pleading" and, if the case was not initially removable on that basis, any "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see Atwell*, 740 F.3d at 1162.

In *Atwell*, three groups of plaintiffs brought product liability actions in the St. Louis Circuit Court, claiming that they were injured by the defendants' transvaginal mesh devices. Each group consisted of fewer than 100 plaintiffs. Each group of plaintiffs filed motions asking that all of the cases be assigned to a single judge for purposes of discovery and trial. *Id.* at 1161. The cases were removed to federal

3

court, and two were remanded. In determining whether remand was appropriate, the court of appeals wrote:

> [T]he critical issue becomes whether the three groups of plaintiffs proposed that their claims be "tried jointly," in which case § 1332(d)(11)(B)(i) applies and the cases are removable, or simply asked that their respective claims be "consolidated or coordinated solely for pretrial proceedings," in which case § 1332(d)(11)(B)(ii)(IV) applies and the cases are not removable. The answer to this question requires careful review of the proceedings in the City of St. Louis Circuit Court.

Id. at 1163.

As instructed by *Atwell*, this Court has examined the voluminous state court record to determine whether the plaintiffs in this action or in the *Anders* or *Hendrich* action either explicitly or implicitly proposed that their claims be tried jointly. *Id.* (quoting *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011)). Based on that review, the Court finds that no such request was expressly made or can be inferred.

Unlike the plaintiff groups in *Atwell*, the plaintiffs here did not request that their case and the *Anders* and *Hendrich* cases be assigned to a single judge, nor did they seek consolidation of the three cases. The defendants' quotation of statements made by plaintiffs' counsel in the state court record are either taken out of context or mischaracterized and do not support defendants' claim that the Smith plaintiffs "implicitly" wanted the three case to be tried jointly. For example, when counsel for the Smith plaintiffs wrote, "[h]ere, there are numerous questions of fact concerning the conduct of Defendants common to all Plaintiffs," the reference was to all plaintiffs in the *Smith* case, not all plaintiffs in all three cases. [Doc. #1-4 at 357; *see also id.* at 519, 523–24.] Moreover, the statement was made in a memorandum responding to defendants' argument that the <u>Smith</u> plaintiffs were

4

not properly joined and that each of the Smith plaintiffs' claims should be tried separately. Likewise, the statements that the "[p]etition is replete with common facts alleging improper and illegal behavior that harmed all of the Plaintiffs" and that "severance of Plaintiffs' claims would needlessly multiply the number of causes of action and the number of judges and juries needed to address the same issue" were clearly made in reference to the ninety-nine plaintiffs in the Smith case only. [Doc. #1-4 at 357.] Finally, the Smith plaintiffs' reference to Missouri's permissive joinder rule, Mo. Sup. Ct. R. 52.05(a), was made in the context of the assertion that their ninety-nine claims should remain joined—not that their claims should be joined with those of the Anders and Hendrich plaintiffs.

Of course, plaintiffs in separate cases cannot argue against joinder of the cases and simultaneously seek to have those cases brought before the same judge for separate trials, because that is an implicit request to consolidate for a joint trial. *Atwell*, 740 F.3d at 1163–64. But that is not what has occurred in this case. Moreover, the state court's Administrative Order consolidated the three cases "for all pretrial matters only." Upon completion of the pretrial matters, "each case" was to be returned to the division responsible for assigning cases for trial. There is no indication that the state court anticipated that the Smith, Anders and Hendrich cases would be assigned to a single judge for a joint trial.

The plaintiffs' acknowledgment of the policy favoring joint trials in cases where common questions of fact and law predominate cannot alone be construed as an implicit proposal for the joinder of the three groups of cases. "[S]tate court plaintiffs with common claims against a common defendant may bring separate cases with fewer than 100 plaintiffs each to avoid federal jurisdiction under CAFA—

5

*unless their claims are 'proposed to be tried jointly.'"* Atwell, 740 F.3d at 1162 [*quoting Romo v. Teva Pharm. USA, Inc.*, 731 F.3d 918, 922 & n.1 (9th Cir. 2013) (emphasis added)]. If the policy does not preclude what plaintiffs have done here (*i.e.*, carefully structuring each case so as to avoid CAFA jurisdiction), then certainly plaintiffs' acknowledgment of the policy cannot be said to manifest a desire for joinder of the cases.

The Court finds unpersuasive the defendants' argument that an implicit proposal for joinder is demonstrated by the possibility that plaintiffs will claim in subsequent trials that the results of the first trial should be given preclusive effect. If the 291 plaintiffs involved in the *Smith*, *Anders* and *Hendrich* cases had instead brought individual actions against the defendants, the fact that 290 of them might benefit from rulings made in the first trial would not support an argument for joinder.

The defendants have pointed to no portion of the state court record reflecting an explicit request by plaintiffs for joinder of the three cases. And, as discussed above, the Court finds no implicit proposal for joinder. Because this case is brought by fewer than 100 plaintiffs, it is not a mass action and does not meet the jurisdictional requirements of CAFA. Thus, remand is required.

### B. Timeliness of removal

Defendants' attempt to remove is also time-barred. 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal within 30 days after the defendant receives the pleadings upon which removal is based. The time limit begins when a plaintiff "explicitly discloses she is seeking a remedy that affords a basis for federal jurisdiction." *Atwell*, 740 F.3d at 1162 (citing *Knudson v. Sys. Painters, Inc.*, 634

F.3d 968, 974 (8th Cir. 2011)). A pleading includes a copy of an amended pleading, motion, order, or other paper. 28 U.S.C. § 1446(b)(3).

Defendants' argument for removal is based on statements in plaintiffs' memorandum in opposition to defendants' motion to dismiss, filed on August 22, 2014, and plaintiffs' sur-reply, filed on September 18, 2014. [Doc. #1-4 at 282, 498.] As discussed above, however, those statements neither explicitly nor implicitly seek a joint trial with the *Anders* and *Hendrich* plaintiffs, so they are not a proper basis for removal under CAFA. Because those statements were not requests for a joint trial, defendants have not sought removal on the basis of any amended pleading, motion, order, or other paper that was filed within 30 days of their notice of removal that would qualify this case as a mass action. Therefore, defendants' attempt at removal is untimely as well.

### C. Attorney's fees and costs

The plaintiffs request that the defendants be ordered to pay the costs and attorney's fees incurred as a result of removal, as permitted by 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). After considering the arguments presented in the memorandum in opposition to remand, the Court finds that defendants had an objectively reasonable basis to seek removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand this action [Doc. #16] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that plaintiffs' request for attorney's fees and costs as to the removal is **denied**.

———————————————
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2014.